1  Jennifer Loda (CA Bar No. 284889)
   Omonigho Oiyemhonlan, *law student* (student practice application approved)
2  CENTER FOR BIOLOGICAL DIVERSITY
   1212 Broadway, Suite 800
3  Oakland, CA 94612
   Phone: (510) 844-7136
4  Fax: (510) 844-7150
   jloda@biologicaldiversity.org
5
6  *Attorneys for Plaintiffs*
7
8
9                    **UNITED STATES DISTRICT COURT**
10                   **NORTHERN DISTRICT OF CALIFORNIA**
11                   **SAN FRANCISCO DIVISION**
12

13 **CENTER FOR BIOLOGICAL**            Case No.
   **DIVERSITY, KLAMATH-SISKIYOU**
14 **WILDLANDS CENTER,**
   **ENVIRONMENTAL PROTECTION**         **COMPLAINT FOR DECLARATORY**
15 **INFORMATION CENTER, and**          **AND INJUNCTIVE RELIEF**
   **CASCADIA WILDLANDS,**
16                                       (Endangered Species Act, 16 U.S.C. 1531
                                         *et seq*)
17

18              Plaintiffs,
19      vs.
20 **DAVID BERNHARDT**, in his official
   capacity as Secretary of the United States
21 Department of Interior,
22 and
23
24 **UNITED STATES FISH AND**
   **WILDLIFE SERVICE,**
25
26              Defendants.
27

28

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

**INTRODUCTION**

1.     Plaintiffs CENTER FOR BIOLOGICAL DIVERSITY, KLAMATH-SISKIYOU WILDLANDS CENTER, ENVIRONMENTAL PROTECTION INFORMATION CENTER, and CASCADIA WILDLANDS, bring this action under the Endangered Species Act ("ESA"), 16 U.S.C. §§ 1531-1544 and the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, to challenge the Secretary of the Department of Interior's ("Secretary") and the United States Fish and Wildlife Service's ("FWS") (collectively "Defendants") failure to make mandatory findings on whether the highly-imperiled Siskiyou Mountains salamander (*Plethodon stormi*) should be listed as a threatened or endangered species under the ESA. 16 U.S.C. § 1533(b)(3)(B).

2.     To obtain federal safeguards and habitat protections, Plaintiffs submitted a petition to list the Siskiyou Mountains salamander as "endangered" or "threatened" pursuant to the ESA. Under the ESA, FWS is required to make a 90-day finding "as to whether the petition presents substantial scientific and commercial information indicating that the petitioned action may be warranted." 16 U.S.C. § 1533(b)(3)(A). Within twelve (12) months of receiving a petition, FWS must also determine whether listing the species as "endangered" or "threatened" is "warranted." 16 U.S.C. § 1533(b)(3)(B). To date, Defendants have failed to make the requisite findings in violation of the ESA. *Id.*

3.     To remedy these violations, Plaintiffs seek declaratory relief to affirm that Defendants are in violation of the ESA by failing to make mandatory 90-day finding on the petition, along with injunctive relief that establishes a date certain for Defendants to determine if listing the Siskiyou Mountains salamander as "endangered" or "threatened" may be warranted. Compliance with the ESA's mandatory, non-discretionary deadlines is necessary to ensure the continued existence and recovery of this species in the wild.

**JURISDICTION**

4.     The Court has jurisdiction over this action pursuant to 16 U.S.C. §§ 1540(c) and (g)(1)(C) (action arising under the ESA's citizen suit provision), 28 U.S.C. § 1331 (federal question jurisdiction), and 5 U.S.C. § 702 (review of agency action under the APA).

5.     The Court may grant the relief requested under the ESA, 16 U.S.C. § 1540(g); 28

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF          1

U.S.C. §§ 2201 and 2202 (declaratory and injunctive relief); and the APA, 5 U.S.C. §§ 701-706.

## NOTICE

6.      By a letter dated April 22, 2019, Plaintiffs provided Defendants with notice of their intent to file this suit pursuant to the citizen-suit provision of the ESA, 16 U.S.C. § 1540(g)(2)(C). Plaintiffs mailed, by certified mail, return receipt requested, written notice of intent to sue regarding the violations alleged in this Complaint. Secretary Bernhardt and FWS received the notice letter regarding the claims in this Complaint on April 26, 2019. Though more than sixty days have passed since Secretary Bernhardt and FWS received the notice letter, Defendants have not remedied the violations alleged in the notice letter and in this Complaint. Therefore, a present and actual controversy exits between the parties within the meaning of 28 U.S.C. § 2201.

## VENUE

7.      The U.S. District Court for Northern California is the proper venue for this action pursuant to 28 U.S.C. § 1391(e). Plaintiff ENVIRONMENTAL PROTECTION INFORMATION CENTER is headquartered in this district. Additionally Plaintiffs CENTER FOR BIOLOGICAL DIVERSITY maintains an office in this district.

## INTRADISTRICT ASSIGNMENT

8.      The action arises outside of the district but venue is proper due to Plaintiffs' residency. Thus, pursuant to Civil L.R. 3-2(c), it is appropriate to request intradistrict assignment in San Francisco. The Center also maintains an office in Alameda County, Civil L.R. 3-2(d).

## PARTIES

9.      Plaintiff CENTER FOR BIOLOGICAL DIVERSITY ("Center") is a non-profit 501(c)(3) corporation incorporated in California. The Center has over 69,000 members throughout the United States and the world. The Center's mission is to ensure the preservation, protection, and restoration of biodiversity, native species, ecosystems, public lands and waters, and public health through science, policy, and environmental law. Based on the understanding that the health and vigor of human societies and the integrity and wildness of the natural

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF            2

environmental are closely linked, the Center is working to secure a future for animals and plants hovering on the brink of extinction, for the ecosystems they need to survive, and for a healthy, livable future for all of us.

10.     The Center and its members include individuals with varying interests in wildlife species and their habitat including scientific, professional, educational, recreational, aesthetic, moral, and spiritual. Further, the Center's member enjoy, on an ongoing basis, the biological, scientific, research, education, conservation, recreational, and aesthetic values of the regions inhabited by species, including the regions at issue in this action. The Center's members observe and study native species and their habitat, and derive professional, scientific, education, recreational, aesthetic, inspirational, and other benefits from these activities and have an interest in preserving the possibility of such activities in the future.  The Center and its members have participated in efforts to protect and preserve natural areas, including the habitat essential to the continued survival of native species, and address threats to the continued existence of these species. The Center and its members are concerned with the conservation of imperiled species – including the Siskiyou salamander – and with the effective implementation of the ESA.

11.     Plaintiff KLAMATH-SISKIYOU WILDLANDS CENTER ("KS Wild") is a domestic non-profit corporation that has over 3,500 members and supporters in more than 10 states, with most members concentrated in southern Oregon and northern California. On behalf of its members, KS Wild advocates for the forests, wildlife, and waters of the Rogue and Klamath Basins and works to protect and restore the extraordinary biological diversity of the Klamath-Siskiyou region of southwest Oregon and northwest California. KS Wild uses environmental law, science, education, and collaboration to help build healthy ecosystems and sustainable communities. Through its campaign work, KS Wild strives to protect the last wild areas and vital biological diversity of the Klamath region. KS Wild is a leader in protecting California's national forests and routinely participates in commenting, monitoring, and litigation affecting public lands in California. KS Wild is a membership organization and has members who would be irreparably injured by the Defendants' failure to issue both a 90-day and 12-month finding on Plaintiffs' petition to list the Siskiyou Mountains salamander.

1    12.    Plaintiff ENVIRONMENTAL PROTECTION INFORMATION CENTER

2    ("EPIC") is a non-profit public benefit corporation organized under the laws of California. Most

3    of its 15,000 members and supporters live in northern California. Since 1977, EPIC has

4    defended the wildlife and wild places of the Klamath Mountains and North Coast Range.

5    EPIC's mission is the science-based protection and restoration of northwest California's forests

6    and seeks to ensure that a connected landscape exists for species survival and climate

7    adaptation. EPIC's advocacy utilizes community organizing, public education, collaboration,

8    and litigation and submitting substantive comments on projects that would negatively impact

9    public and private forestlands.

10    13.    Plaintiff CASCADIA WILDLANDS is a non-profit organization with

11    approximately 10,000 members and supporters throughout the United States, including many

12    who reside in the State of Oregon. Cascadia Wildlands educates, agitates, and inspires a

13    movement to protect and restore Cascadia's wild ecosystems. Cascadia Wildlands' members

14    regularly recreate throughout Oregon, including in areas of Oregon where the Siskiyou

15    Mountains salamander have been known to occur. Cascadia Wildlands' members recreate in

16    these areas for the purposes of hiking, recreation, bird watching, observing wildlife, and other

17    recreational and professional pursuits.

18    14.    Plaintiffs have members who visit areas where the Siskiyou Mountains

19    salamander is known to still occur. Those members have concrete plans to continue to travel to

20    and recreate in areas where they can observe these species and will continue to maintain an

21    interest in these species and their habitats in the future.

22    15.    In addition to submitting a petition to list this species under the ESA, Plaintiffs

23    and their members have participated in conservation efforts. For example, Plaintiffs have

24    campaigns to protect biodiversity and to raise awareness about the environmental impacts from

25    human activities, including impacts to imperiled species. Likewise, the Plaintiffs are actively

26    engaged in efforts to protect native plants and animals from the effects of human-induced

27    climate change. Protecting the species at issue under the ESA would further these campaigns.

28    Plaintiffs' conservation efforts are prompted by genuine concern that the Siskiyou Mountains

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF                    4

salamander is at serious risk of extinction.

16.     Defendants' failure to comply with the ESA's mandatory, non-discretionary deadline for issuing a 90-day finding for the Siskiyou Mountains salamander deprives the salamanders of statutory protections that are vitally necessary to their survival and recovery.

17.     Plaintiffs and their members are injured by Defendants' failure to make a timely determination as to (1) whether Plaintiffs' March 12, 2018 listing petition presents compelling scientific and commercial information that supports further inquiry into listing the Siskiyou Mountains salamander and (2) whether listing the Siskiyou Mountains salamander may be warranted due to the ongoing harm to the species and their habitats in the absence of such protections. Until the Siskiyou Mountains salamander is protected under the ESA, Plaintiffs' interest in their conservation and recovery is impaired.

18.     The injuries described above are actual, concrete injuries presently suffered by Plaintiffs and their members, and they will continue to occur unless this Court grants relief. These injuries are directly caused by Defendants' inaction, and the relief sought herein – an order compelling listing decisions for these species – would redress these injuries. Plaintiffs and their members have no other adequate remedy at law.

19.     Defendant DAVID BERNHARDT is the Secretary of the United States Department of the Interior and is the federal official in whom the ESA vests final responsibility for making decisions and promulgating regulations required by and in accordance with the ESA, including listing and critical habitat decisions. Secretary Bernhardt is sued in his official capacity.

20.     Defendant UNITED STATES FISH AND WILDLIFE SERVICE is the agency within the Department of the Interior that is charged with implementing the ESA for most terrestrial species, as well as ensuring prompt compliance with the ESA's mandatory listing deadlines.

**LEGAL BACKGROUND**

21.     The ESA is a comprehensive federal statute declaring that endangered and threatened species are of "esthetic, ecological, educational, historical, recreational, and scientific

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF                    5

1    value to the Nation and its people." 16 U.S.C. § 1531(a)(3). Accordingly, the purpose of the

2    ESA is to "provide a means whereby the ecosystems upon which endangered species and

3    threatened species depend may be conserved, [and] to provide a program for the conservation of

4    such endangered species and threatened species …." *Id*. § 1531(b).

5        22.    To this end, section 4 of the ESA requires the Secretary to protect imperiled

6    species by listing them as either "endangered" or "threatened." *Id*. § 1533(a). A "species"

7    includes "any subspecies of fish or wildlife or plants, and any distinct population segment of

8    any species of vertebrate fish or wildlife which interbreeds when mature." *Id*. § 1532(16).

9        23.    The ESA's conservation measures apply only after the Secretary lists a species as

10   threatened or endangered. For example, section 7 of the ESA requires all federal agencies to

11   ensure that their actions do not "jeopardize the continued existence" of any listed species or

12   "result in the destruction or adverse modification" of a listed species' "critical habitat." *Id.* §

13   1536(a)(2). Section 9 of the ESA prohibits, among other things, "any person" from intentionally

14   taking listed species or incidentally taking listed species without a lawful authorization from the

15   Secretary. *Id.* §§ 1538(a)(1)(B) and 1539. Concurrently with listing, the Secretary must

16   designate the species' critical habitat, which includes areas that are essential to the conservation

17   of the species. *Id.* §§ 1532(5)(A) and 1533(a)(3)(A). Other provisions of the ESA require the

18   Secretary to "develop and implement" recovery plans for listed species, authorize the Secretary

19   to acquire land for the protection of listed species, and make federal funds available to states to

20   assist in their efforts to preserve and protect listed species. *Id.* § 1533(f), § 1534, and § 1535(d).

21       24.    To ensure the timely protection of species that are at risk of extinction, Congress

22   set forth a detailed process whereby citizens may petition the Secretary to list a species as

23   endangered or threatened. The process includes mandatory, non-discretionary deadlines that the

24   Secretary must meet so that imperiled species receive the ESA's substantive protections in a

25   timely fashion. The three required findings, described below, are the 90-day finding, the 12-

26   month finding, and the final listing determination. The Secretary has delegated responsibility for

27   making these findings to FWS.

28

1
2
3
4
5

25.     Upon receiving a listing petition, FWS must "to the maximum extent practicable, within 90-days" make an initial finding as to whether the petition "presents substantial scientific or commercial information indicating that the petitioned action may be warranted." *Id.* § 1533(b)(3)(A). If FWS finds that the petition does not present substantial information indicating that listing may be warranted, the petition is rejected and the process ends.

6
7
8
9
10
11
12

26.     If FWS instead determines that a petition does present substantial information indicating that listing may be warranted, then the agency must conduct a full scientific review of the species' status. *Id.* Upon completion of this status review, and within 12 months from the date that it receives the petition, FWS must make one of three findings: (1) listing is "not warranted"; (2) listing is "warranted"; or (3) listing is "warranted but precluded" by other pending proposals for listing species, provided certain requirements are met. *Id.* § 1533(b)(3)(B).

13
14
15
16
17
18
19
20

27.     If FWS's 12-month finding concludes that listing is warranted, the agency must publish notice of the proposed regulation to list the species as endangered or threatened in the Federal Register for public comment. *Id.* § 1533(b)(3)(B)(ii). Within one year of publication of the proposed regulation, the ESA requires FWS to render its final determination on the proposal. *Id.* § 1533(b)(6)(A). At such time, FWS must either list the species, withdraw the proposed listing rule, or, if there is substantial disagreement about scientific data, delay a final determination for up to six months in order to solicit more scientific information. *Id.* §§ 1533(b)(6)(A)(i) and 1533(b)(6)(B)(i).

21
22
23
24
25

28.     Because the ESA does not safeguard a species facing extinction until it is formally listed as endangered or threatened, it is critical that FWS meticulously follow the ESA's listing procedures and deadlines so that such species are protected in a timely manner. Defendants have regularly ignored these statutory procedures and have missed statutory listing deadlines, leading to litigation to correct these deficiencies.

26

**STATEMENT OF FACTS**

27
28

29.     The Siskiyou Mountains salamander ("Siskiyou salamander" or "salamander") is a long-bodied, short-limbed terrestrial salamander, brown in color with a sprinkling of white

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF                    7

flecks. The species only occurs in old-growth forests in the Klamath-Siskiyou region of southern Oregon and Northern California.

30.    There are two distinct populations of the Siskiyou salamander separated by the Siskiyou Mountains crest — a larger northern population in the Applegate River drainage in Oregon and a small southern population in California's Klamath River drainage.

31.    Most known Siskiyou salamander habitats are on federal land managed by the United States Forest Service and Bureau of Land Management. The abundance of old-growth forest, stabilized rock talus (rock fragments that accumulate at the base of a cliff or slope), and mature forest canopies that naturally maintain a moist microclimate offer the ideal habitat for the Siskiyou salamander's survival.

32.    The salamander's specialized habitat requirements, narrow habitat range— the second-smallest range of any western Plethodontid salamander—low reproductive rate, and heightened sensitivity to habitat perturbations renders the Siskiyou salamander exceptionally vulnerable to anthropogenic activities such as road construction, mining, fire suppression practices, and recreation.

33.    Timber harvesting is the primary threat to the salamander's continued existence. Logging in particular has resulted in sharp declines in population density and local extirpation. Logging projects severely disturb the rocky substrates, which support the species' ability to forage and reproduce, and remove overhead canopies, which facilitate naturally moist conditions, allowing the salamander to breathe through its skin. These forest-disrupting activities are perilous for the species' southern population, which is potentially more adversely impacted by logging due to California's warmer and drier conditions.

34.    While there are no official estimates of how much suitable habitat for the salamanders has been impacted by timber harvest activities, soil mapping indicates that approximately 10 percent of the total potential habitat (10,000 acres, 4,047 ha) on the Applegate Ranger District, Rogue River National Forest, was logged in just one decade, between 1984 and 1994.

35.    Efforts to ameliorate the dangers facing the Siskiyou salamander have been

unsuccessful. In 2004, Plaintiffs, along with other conservation groups, submitted their first petition to list the Siskiyou salamander. FWS denied ESA protections for the Siskiyou salamander at that time based on a 2007 Conservation Agreement between the Bureau of Land Management ("BLM") and FWS. The agreement was established to protect 110 high-priority habitats for Siskiyou salamanders in the Applegate River watershed. The strategy demanded "management actions necessary to maintain a high likelihood of well-distributed populations across the northern portion of the species' range […] on federal lands." This would require maintaining more than 70 percent canopy coverage on at least 80 percent of a known salamander site and no less than 40 percent canopy coverage on the remaining 20 percent of known sites; avoiding ground disturbing activities on 80 percent of known sites; and restricting habitat or ground disturbing activities to times when salamanders are unlikely to be near the surface.

36.    Furthermore, Siskiyou salamanders on federal land had some protections through the "Survey and Manage" policies in the 1994 Northwest Forest Plan Standards and Guidelines. The Survey and Manage policies require BLM and the United States Forest Service to conduct pre-disturbance surveys and establish protected buffers in areas where Siskiyou salamanders are found.

37.    In spite of the goals and objectives espoused in both the 1994 Northwest Forest Plan and the 2007 Conservation Agreement, BLM recently adopted the Western Oregon Plan Revision, effectively rolling back the strategies adopted in the earlier conservation plans. The Western Oregon Plan Revision rescinds necessary measures to "maintain well-distributed [Siskiyou salamander] populations" and "avoid a trend towards listing under the ESA." Under the Western Oregon Plan Revision, BLM proposes to substantially increase ground-disturbing activities, such as logging, within range of salamander's habitat and to eliminate key protections for old-growth forests in Oregon and high-priority salamander conservation sites. Furthermore, BLM will allow new logging projects in known habitat for the Siskiyou salamander, without surveys or buffers.

38.    Currently, there are no Habitat Conservation Plans under the ESA that cover the

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF                    9

Siskiyou salamander.

39.     Because of the unrelenting threats facing the Siskiyou salamander and  BLM's inability and unwillingness to protect the Siskiyou salamander through non-ESA measures, Plaintiffs once again submitted a listing petition on March 12, 2018, requesting that the Siskiyou salamander be listed as "threatened" or "endangered" under the ESA. It has been more than 15 months since Plaintiffs submitted their petition.

40.     Despite the need for protection, Defendants have not issued the mandatory 90-day determinations, in direct violation of the ESA or, in the alternative, the APA.

41.     Plaintiffs have been required to expend resources to prosecute this action.

## CLAIM FOR RELIEF

Violation of the ESA: Failure to Make a Timely 90-day Finding for the Siskiyou Mountains Salamander

42.     Plaintiffs re-allege and incorporate by reference the allegations made in all preceding paragraphs.

43.     FWS's failure to make a timely 90-day finding on the Center's petition to list the Siskiyou Mountains salamander, as an endangered or threatened species violates the ESA, 16 U.S.C. § 1533(b)(3)(A), and/or constitutes agency action that has been "unlawfully withheld or unreasonably delayed" within the meaning of the APA, 5 U.S.C. § 706(1).

## REQUEST FOR RELIEF

Plaintiffs respectfully request that the Court enter Judgment for Plaintiffs providing the following relief:

A.  Declare that Defendants violated the ESA and/or APA by failing to issue a timely 90-day finding on the petition to protect the Siskiyou Mountains salamander under the ESA;

B.  Order Defendants to issue, by a date certain, a 90-day finding on the petition to protect the Siskiyou Mountains salamander under the ESA, 16 U.S.C. § 1533(b)(3)(A);

C.  Grant Plaintiffs their attorneys' fees and costs in this action as provided by the ESA, 16 U.S.C. § 1540(g)(4), and/or the Equal Access to Justice Act, 28 U.S.C. § 2412; and

D.  Provide such other relief as the Court deems just and proper.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF                    10

Respectfully submitted,

Date July 1, 2019

*/s/ Jennifer Loda*
Jennifer Loda (CA Bar No. 284889)
CENTER FOR BIOLOGICAL DIVERSITY
1212 Broadway, Suite 800
Oakland, CA 94612
Phone: (510) 844-7136
Fax: (510) 844-7150
jloda@biologicaldiversity.org

Omonigho Oiyemhonlan, *law student* (student
appearing under court-approved supervision)
CENTER FOR BIOLOGICAL DIVERSITY
1212 Broadway, Suite 800
Oakland, CA 94612
Phone: (510) 844-7136
Fax: (510) 844-7150
ooiyemhonlan@biologicaldiversity.org

*Attorneys for Plaintiffs*